David J. Dow, Bar No. 179407
ddow@littler.com
Carrie A. Stringham, Bar No. 272731
cstringham@littler.com
LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, California  92101.3577
Telephone:  619.232.0441
Fax No.:    619.232.4302

Attorneys for Defendants
3M COMPANY AND KCI USA, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH TURNER,<br><br>Plaintiff,<br><br>v.<br><br>3M COMPANY, a Delaware corporation; KCI USA, INC., a Delaware corporation; and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No.  **'22CV1711 RBM BLM**<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>[28 U.S.C. § 1332, 1441, 1446] |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants 3M COMPANY and KCI USA, INC. ("Defendants") hereby remove the above-captioned action from the Superior Court for the State of California, County of San Diego to the United States District Court for the Southern District of California.  This removal is based on 28 U.S.C. sections 1441 and 1446.  This Notice is based upon the original jurisdiction of this Court over the parties under 28 U.S.C. section 1332(a) and the existence of complete diversity of citizenship among the parties.

/ / /

/ / /

**STATEMENT OF JURISDICTION**

1. This Court has original jurisdiction over this action under the diversity of citizenship statute. *See* 28 U.S.C. § 1332(a). In relevant part, the diversity statute grants district courts original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. As set forth below, this case meets all the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice. *See* 28 U.S.C. §§ 1332, 1441(a) and 1446.

**VENUE**

2. This action was filed in the Superior Court for the State of California, County of San Diego. Venue properly lies in the United States District Court for the Southern District of California, pursuant to 28 U.S.C. sections 84(c)(2), 1391(a) and 1441(a).

**PLEADINGS, PROCESS AND ORDERS**

3. On September 27, 2022, Plaintiff filed a Complaint against Defendants and various Does in the San Diego County Superior Court, captioned *Elizabeth Turner, Plaintiff, v. 3M Company, a Delaware corporation; KCI USA, Inc., a Delaware corporation; and DOES 1 through 50, inclusive,* designated Case No. 37-2022-00038627-CU-WT-CTL (hereinafter, the "Complaint"). Declaration of Carrie A. Stringham in Support of Defendants' Notice of Removal of Civil Action to Federal Court ("Stringham Decl."), ¶ 2, **Exhibit A**, Complaint.

4. The Complaint alleges seven causes of action as follows: (1) Disability Discrimination (Gov. Code §12940(a)); (2) Retaliation for Taking Protected Leave (Gov. Code §§ 12945.2(k), 12940(h)); (3) Failure to Timely Engage in the Good Faith Interactive Process (Gov. Code § 12940(n)); (4) Wrongful Termination in Violation of Public Policy; (5) Failure to Provide Meal Periods (Lab. Code § 226.7, 512, IWC 11); (6) Failure to Provide Rest Breaks (Lab. Code § 226.7, 512); (7) Failure to Pay Amounts Due Upon Separation (Lab. Code §§ 201-203). The

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

allegations in the Complaint are incorporated into this Notice of Removal by reference without admitting the truth of any of them.

5. On October 3, 2022, Plaintiff personally served Defendants, via their registered agent of service of process, with a copy of the Summons, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum, Notice of Case Assignment, and the Alternative Dispute Resolution (ADR) Information Package. Stringham Decl, ¶ 3, **Exhibit B**.

6. On November 2, 2022, Defendants filed an Answer to the Complaint in the San Diego County Superior Court and served a copy of the Answer on Plaintiff's counsel of record. Stringham Decl., ¶ 4, **Exhibit C**.

7. To Defendants' knowledge, no further process, pleadings, or orders related to this case have been filed in or issued by the Superior Court for the State of California, County of San Diego or served by any party other than as described above. To Defendants' knowledge, no proceedings related hereto have been heard in San Diego County Superior Court. Stringham Decl., ¶ 5.

## TIMELINESS OF REMOVAL

8. This Notice of Removal is timely. Under 28 U.S.C. § 1446(b), the notice of removal of a civil action must be filed within 30 days after service of the summons and complaint. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the 30-day removal period runs from the service of the summons and complaint; receipt of summons and complaint is insufficient to trigger removal period). On October 3, 2022, the Complaint and Summons were personally served on Defendants. Because Defendants filed this Notice of Removal within 30 days of service of the Summons and Complaint, this Notice of Removal is timely as a matter of law.

## DIVERSITY JURISDICTION

9. The diversity of citizenship statute provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States . . . ." 28 U.S.C. § 1332(a).

10. "Any civil action" commenced in state court is removable if it might have been brought originally in federal court. *See* 28 USC § 1441(a). Any case that could have been commenced in federal court based on diversity of citizenship can be removed from state court on this ground. *See* 28 U.S.C. § 1441(b). In order to remove a case to federal court on diversity grounds, two basic elements must be satisfied: (1) complete diversity must exist between the parties, *i.e.*, Plaintiff and Defendants must be "citizens" of different states; and (2) the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332.

11. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 and which may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441(a) based on the existence of complete diversity of citizenship between the real parties to this action and on the fact that the amount in controversy exceeds $75,000, as set forth below.

### A. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS.
### Plaintiff Is a Citizen of the State of California.

12. Diversity of citizenship exists so long as no plaintiff is a citizen of the same state as any defendant at the time the action was filed and at the time of removal. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983); *see also LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001) (citizenship determined at the time the lawsuit is filed); *Lundquist v. Precision Valley Aviation, Inc.*, 946 F.2d 8, 10 (1st Cir. 1991). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *See Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 529 (10th Cir. 1994).

4

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA
92101.3577
619.232.0441

13. Plaintiff resides in the State of California. *See* Ex. A, Complaint, ¶ 3 ("Plaintiff was at all relevant times a resident of San Diego, California"); *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (residency creates a rebuttable presumption of domicile supporting diversity of citizenship); *see also Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008) (place of residence provides "prima facie" case of domicile). Plaintiff is a citizen of the State of California.

### **Neither Defendant 3M Company nor KCI USA, Inc. are Citizens of California.**

14. For purposes of diversity jurisdiction, a corporation is deemed a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S. C. § 1332(c)(1). As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), "the phrase 'principal place of business' [in Section 1332(c)(1)] refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called that place the corporation's 'nerve center.' We believe that the 'never center' will typically be found at the corporation's headquarters." *Id*. at 80-81; *see also Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (corporation is citizen of state in which its corporate headquarters are located and where its executive and administrative functions are performed).

15. 3M Company was, at the time of the filing of this action, and still is, a corporation organized under the laws of the State of Delaware with its principal place of business of St. Paul, Minnesota.

16. KCI USA, Inc. was, at the time of the filing of this action, and still is, a corporation organized under the laws of the State of Delaware with its principal place of business in San Antonio, Texas.

17. Defendants Does 1 through 50 are fictitious. The Complaint does not set forth the identity or status of any said fictitious defendants, nor does it set forth any charging allegation against any fictitious defendants. Pursuant to section

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

1441(a), the citizenship of defendants sued under fictitious names must be disregarded for the purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 690-91 (9th Cir. 1998).

18. No other party has been named or served as of the date of this removal. Because none of the Defendants is a citizen of the State of California, there is complete diversity among the parties.

### B.  THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.

19. The amount in controversy is determined from the allegations or prayer of the complaint. *See St. Paul Mercury Idemn. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). Where a complaint does not seek a specific monetary amount in damages, Defendants only need to show by a preponderance of the evidence (that it is more probably than not) that Plaintiff's claimed damages exceed the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 298, 403-04 (9th Cir. 1996). Further, the U.S. Supreme Court has held under 28 U.S.C. section 1446(a), a defendant seeking to remove a case to federal court need only file "a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). The Court further held this language tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure, and that "[a] statement 'short and plain' need not contain evidentiary submissions." *Id*. at 551, 553.

20. In measuring the amount in controversy, a court must assume the allegations of the complaint are true and that a jury will return a verdict in favor of the plaintiff on all claims asserted in his complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is put "in controversy" by the complaint, not what is actually owed if a plaintiff prevails. *See Rippee v. Boston Market Corp.*, 408 F. Supp.

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

6

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

2d 982, 986 (S.D. Cal. 2005) ("It's not a question as to what you would owe. It's a question as to what is in controversy.")

21. As set more fully below, the Court can reasonably ascertain from the Complaint and Plaintiff's Prayer for Relief that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is facially apparent from the complaint that the jurisdictional amount is in controversy." (internal citations and quotations omitted)).

**Lost Earnings**

22. Plaintiff seeks recovery of economic losses, alleging that as a result of Defendants' conduct, she is entitled to "an award of damages in the amount equal to the unpaid compensation, including, but not limited to, unpaid wages, benefits, and penalties…" Stringham Decl., ¶2, Ex. A, Complaint, Prayer for Relief, ¶ 3.

23. At the time of Plaintiff's separation of employment, she was a full-time employee earning $48,777.60 annually, which is the equivalent of $23.45 per hour. Plaintiff alleges her employment was terminated on October 29, 2021. Stringham Decl., Ex. A, Complaint, ¶ 20. It has been just over 52 weeks from Plaintiff's separation to the filing of this Notice of Removal. As a result, assuming Plaintiff is entitled to recover economic damages, which Defendants expressly deny, her lost earnings to date amount to just over her annual salary of **$48,777.60**.

24. Moreover, conservatively estimating that the trial of this matter occurs one year from the date of removal in November 2023 and that Plaintiff is awarded full backpay and 1 year of front pay, for an additional two years' pay in addition to her current lost wages, Plaintiff would be awarded an additional **$97,555.20** ($48,777.60 x 2) in lost wages. *See Rabago-Alvarez v. Dart Indus., Inc.*, 55 Cal.App.3d 91, 97-98 (1976) (finding four years of front pay reasonable); *Mize-Kurzman v. Marin Community College Dist.*, 202 Cal.App.4th 832, 873 n. 17 ("[D]amages may include as 'front pay' an award of the salary and benefits a

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

7

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

wrongfully demoted or discharged plaintiff would have earned from employment after trial . . . Front pay is measured by the employee's projected earnings and benefits over the period of time until he or she is likely to become reemployed or likely to retire . . . ."); *James v. Childtime Childcare, Inc.*, 2007 WL 1589543, at *2 n. 1 (E.D. Cal. June 1, 2007) (affirming both past and future lost wages should be considered); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (considering past and future wages in determining the amount in controversy). Therefore, Plaintiff's averred economic damages add at least **$146,332.80** to the amount in controversy, which is substantially above the $75,000 statutory requirement.

### **General Damages**

25.  The amount in controversy includes claims for general damages, exclusive of costs and interest. *See Ajimatanrareje v. Metropolitan Life Ins. Co.*, 1999 U.S. Dist. LEXIS 7339 at 4 (N.D. Cal. 1999) (emotional distress damages "may be considered in the amount in controversy even when not clearly pled in the complaint."); *Conrad Associates v. Hartford Acc. & Indem. Co.*, 994 F.Supp. 1196, 1198 (N.D. Cal. 1998); *Richmond v. Allstate Ins. Co.*, 897 F.Supp.447, 450 (S.D. Cal. 1995) (holding same).

26.  Plaintiff alleges she has been "traumatized" by Defendant's alleged conduct, experiencing "severe anxiety, trouble sleeping, exacerbated symptoms of her disabilities, and other symptoms of emotional distress and depression…" and she seeks an award of general damages. Stringham Decl., ¶ 2, Ex. A, Complaint, ¶ 21, Prayer for Damages, ¶ 1.

27.  Though Defendant disputes that Plaintiff is entitled to any such award, Plaintiff's potential recovery of such damages clearly demonstrates that the jurisdictional prerequisite for removal of this action is met. *See Velez v. Roche*, 335 F.Supp.2d 1022, 1038-40 (N.D. Cal. 2004) (surveying discrimination cases awarding emotional distress damages and concluding that "substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA
92101.3577
619.232.0441

evidence . . . that the plaintiff suffered heightened mental anguish"); *see, e.g., Swinton v. Potomac Corp.*, 270 F.3d 794 (9th Cir. 2001), *cert. denied,* 535 U.S. 1018 (2002) (award of $30,000); *Redfield v. Insurance Co. of N. Am.*, 940 F.2d 542 (9th Cir. 1991), *overruled on other grounds* (award of $25,000); *Wang v. Rees Scientific Corporation*, 2014 WL 8108412 (2014) (award of $166,302 for emotional distress

28. To establish the amount of emotional distress damages in controversy, a defendant may introduce evidence of jury verdicts in cases involving analogous facts. *See Rivera v. Costco Wholesale Corp.*, 2008 U.S. Dist. LEXIS 58610, *10 (N.D. Cal. July 11, 2008) (*citing Simmons*, 209 F.Supp.2d at 1033); see *also Cain v. Hartford Life & Acc. Ins. Co.*, 890 F.Supp.2d 1246, 1250 (C.D. Cal. 2012) ("Cain seeks to recover emotional distress from Hartford, which must be considered in this [amount in controversy] analysis."); *Richmond v. Allstate Ins. Co.*, 897 F.Supp. 447, 450 (S.D. Cal. 1995) ("The vagueness of plaintiffs' pleadings with regard to emotional distress damages should not preclude this Court from noting that these damages are potentially substantial."); *see also Plata v. Target Corp.,* 2016 WL 6237798, *3 (C.D. Cal. Oct. 25, 2016) (finding it possible that plaintiff could obtain $25,000 in emotional distress damages for a wrongful termination claim where plaintiff had $0 estimated economic losses); *Massey v. City of Long Beach,* JVR No. 1509220063, 2015 WL 5578119 (Cal. Sup. Ct. 2015) (awarding $520,119 in damages for pain and suffering in FEHA discrimination case); *Gomez v. Magco Drilling* JVR No. 1510280054 (Cal. Sup. 2015); *Beasley v. E. Coast Foods, Inc.,* JVR No. 1509250073, 2015 WL 5678367 (Cal. Sup. Ct. 2015) (awarding $1,500,000 in compensatory damages for pain and suffering in FEHA race discrimination case); *Ko v. The Square Grp.,* JVR No. 1503030036, 2014 WL 8108413 (Cal. Sup. 2014) (awarding $125,000 for pain and suffering in a FEHA disability discrimination case); *see also Simmons*, 209 F.Supp.2d at 1034 (collecting cases); *Olvera v. Sangha Dhindsa Foods, Inc.* JVR No. 1611300020, 2016 WL 7034155 (Cal. Sup. Ct. 2016)

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

9
DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

(plaintiff was awarded $116,000 for emotional distress damages in pregnancy discrimination case).

29.  In a suit with similar allegations as the present case, the plaintiff was awarded $50,000 for emotional distress damages. *Matyka v. Federal Express Corp.* 27 Trials Digest 3d 43, 1999 WL 1566772 (Cal. Sup. Ct. 1999). There, the plaintiff alleged violations under the CFRA and breach of implied contract when the plaintiff's employment was terminated for excessive absences. The plaintiff suffered from a health condition that required her to miss many days from work. The plaintiff claimed her termination was in retaliation and violation of the CFRA. The jury awarded her **$50,000** in emotional distress damages. In *Kroske v. U.S. Bank Corp.*, 432 F.3d 976 (9th Cir. 2005), the Ninth Circuit found that the district court's conclusion that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" was not clearly erroneous, where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Id*. at 980.

30.  Based on Plaintiff's allegations of mental anguish due to the alleged discrimination, retaliation, and wrongful termination from employment, among other claims, it can be reasonably ascertained that the amount in controversy on Plaintiff's claim for emotional distress damages is conservatively **$50,000.**

**Punitive Damages**

31.  Plaintiff also seeks an award of punitive damages due to the alleged conduct committed by Defendant. Stringham Decl., Ex. A, Complaint, Prayer for Relief, ¶ 4. The Court must consider punitive damages for purposes of determining the amount in controversy where such damages are recoverable under state law. *Davenport v. Mut. Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Brady*, 243 F.Supp.2d at 1009. California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294. *Boyle v. Lorimar Prods., Inc.*, 13 F.3d 1357, 1360 (9th Cir. 1994).

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

10

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

Additionally, employment discrimination cases have the potential for large punitive damages awards. *Simmons*, 209 F.Supp.2d at 1033; *Roby v. McKesson Corp.,* 47 Cal. 4th 686, 719-720 (2009) (punitive damage award of $1,905,000). Punitive damages may be significant even when no compensatory damages are awarded. *Moore vs. JMK Golf LLC,* 25 Trials Digest 16th 15, 2013 WL 3149228 (Cal. Sup. Ct. 2013) ($150,000 punitive damage award in a FEHA pregnancy discrimination leave case): *Torres v. BE Aerospace, Inc.,* JVR No. 1606300035, 2016 WL 3552983 (Cal. Sup. Ct. 2013) ($7,000,000 punitive damage award in FEHA gender discrimination suit).

32. Although Defendants vigorously deny Plaintiff's allegations, if Plaintiff were to prevail on her punitive damages claim, that claim alone could exceed the jurisdictional minimum. Nevertheless, assuming Plaintiff were to recover punitive damages in an amount equal to her current lost wages, as set forth above, Plaintiff would recover at least **$48,777.60.**

**Meal Period and Rest Break Penalties**

33. Plaintiff claims Defendants failed to provide her with meal and rest period compensation in violation of Labor Code sections 226.7 and 512 and the applicable IWC Wage Order. Stringham Decl., ¶ 2, Ex. A, Complaint, ¶¶ 51-61. Specifically, Plaintiff alleges "she was required to work through her lunches every other day," "often took no rest breaks," and was "never paid" meal or rest break premiums. *Id*. at ¶¶ 19, 54, 59-60. Plaintiff seeks premium wage payments for all missed or short meal and rest periods. *Id*. at ¶¶ 56, 61.

34. Should Plaintiff sustain her burden of proof, she could be entitled to one hour of premium pay at her regular rat of pay for a missed meal period and one hour of premium pay for a missed rest break in a single day. *See Ferra v. Loews Hollywood Hotel, LCC*, 11 Cal.5th 858 (2021); *United Parcel Service Wage & Hour Cases*, 196 Cal. App. 4th 57, 69 (2011).

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

11

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

35.     Assuming, in accordance with Plaintiff's allegations, three (3) meal break violations per week from the time she began working for Defendants in California in December 2019 to the time of her separation (approximately 22 months), Plaintiff could be entitled to unpaid meal period premiums in the amount of **$6,732.50** ((22 months x 4.35 = 95.7 wks) x 3x per wk x $23.45/hr).)

36.     Conservatively assuming a similar rate of violation in relation to rest breaks, Plaintiff could be entitled to the equivalent in rest period premiums of **$6,732.50**.

37.     Based on the above, Plaintiff's meal and rest break allegations could conservatively add approximately **$13,465.00** to the amount in controversy.

**Waiting Time Penalties**

38.     Plaintiff alleges Defendants failed to timely pay her all amounts due upon her separation of employment in violation of Labor Code §§ 201-203. Stringham Decl., ¶ 2, Ex. A, Complaint, ¶¶ 62-64.

39.     Under California Labor Code § 203, for each failure to pay an employee all wages owed at the time of separation from employment, the employee is entitled to his or her normal daily wages, for each day the wages are withheld after separation, for a maximum of thirty (30) days. *See* Cal. Civ. Proc. Code ¶ 338(a); *Mamika v. Barca*, 68 Cal. App. 4th 487, 492-94 (1998).

40.     Plaintiff hourly rate at the time of separation from employment was $23.45/hour and, according to Plaintiff, she was a full-time employee working 40 hours per week, for an average of $938.00 per week ($23.45 x 40 = $938.00). Accordingly, Plaintiff's average daily rate was $134.00. ($938 average per week divided by 7 days = $134.)

41.     Plaintiff's waiting time penalty claim is therefore at least **$4,020.00** ($134 average daily rate x 30 days per Labor Code section 203).

/ / /

/ / /

**Other Relief**

42. Plaintiff's Complaint also seeks "such other and further relief that the court shall deem just and proper." Stingham Decl., ¶ 2, Ex. A, Complaint, Prayer for Relief, ¶ 8. Although uncertain in amount, this open-ended relief sought by Plaintiff only serves to increase the amount in controversy. *See, Lewis v. Exxon Mobil Corp.*, 348 F. Supp. 2d 932, 932-43 (W.D. Tenn. 2004) (the "open-ended" relief sought by plaintiff, who prayed for "judgment to be determined by a jury, for all incidental, consequential, compensatory and punitive damages" established that her case met the amount in controversy requirement even though she pled in the complaint that she did not assert a claim in excess of $75,000).

**Summary of Amount in Controversy**

43. Defendants do not concede, and instead wholly deny, that Plaintiff's claims have any merit or that she is entitled to any damages. However, when the relief sought by Plaintiff in her Complaint is taken as a whole, the amount in controversy, using conservative estimates, for Plaintiff's claims more likely than not exceed the $75,000.00 jurisdiction requirement, exclusive of interest and costs:

| Economic Damages | $146.332.80 |
| General Damages | $50,000 |
| Punitive Damages | $48,777.60 |
| Meal and Rest Break Premiums | $13,465.00 |
| Waiting Time Penalties | $4,020.00 |
| **Amount in Controversy** | **$262,595.40** |

44. The amount calculated above does not include attorneys' fees, which Plaintiff also seeks on each of her causes of action. Stringham Decl., ¶ 2, Ex. A, Complaint, Prayer for Relief, ¶ 7. It is well-settled that, when authorized by statute, attorneys' fees are to be included in the calculation of the amount of Plaintiff's claims for purposes of determining whether the requisite jurisdictional minimum is met.

13

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

*Lowdermilk v. U.S. Bank Nat'l Assoc.*, 479. F.3d 997, 1000 (9th Cir. 2007); *Kroske v. US. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *cert. denied*, 127 S. Ct. 157 (2006); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) Both the California Labor Code and FEHA authorizes an award of attorneys' fees. ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").

45. While Plaintiff's attorneys' fees cannot be precisely calculated, it is reasonable to assume that they could exceed a damages award. *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (noting that "attorneys' fees in individual discrimination cases often exceed the damages"); *Beaty v. BET Holdings, Inc.*, 222 F.3d 607 (9th Cir. 2000) (recognizing that award of attorneys' fees of $376,520 may be appropriate in FEHA where compensatory damages were only $30,000, but remanding to district court to clarify whether court had properly exercised its discretion to consider reducing the fee award).

46. Other California courts have upheld large attorneys' fee awards in FEHA cases. *See also Flannery v. Prentice*, 26 Cal. 4th 572 (2001) (affirming award of attorneys' fees and costs of $891,042); *Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470 (9th Cir. 1995) (affirming $724,380 attorneys' fee award in FEHA age discrimination case where plaintiffs' damages awards were significantly less). Thus, the inclusion of attorneys' further pushes the amount in controversy above the $75,000 threshold.

47. Based upon the pleadings, it does not appear to a "legal certainty that the claim is really for less than" the minimum amount in controversy. *Spielman v. Genzyme Corp.*, 251 F.3d 1, 5 (1st Cir. 2001) (*quoting St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)). Defendants have carried their burden of demonstrating by a preponderance of the evidence that the amount in controversy in this matter clearly exceeds the jurisdictional minimum of $75,000.

///

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

14

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

C. **NOTICE TO PLAINTIFF AND STATE COURT**

48. Following the filing of this Notice of Removal in the United States District Court for the Southern District of California, Defendants will arrange for notice of such filing to be given by the undersigned to Plaintiff's counsel of record, and for a copy of the Notice of Removal to be filed with the Clerk of the San Diego County Superior Court.

WHEREFORE, having provided notice as required by law, the above-entitled action should be removed from the San Diego County Superior Court to this honorable District Court.

Dated:    November 2, 2022

LITTLER MENDELSON, P.C.

/s/ Carrie Stringham

David J. Dow
Carrie A. Stringham

Attorneys for Defendants
3M COMPANY and KCI USA, INC.

4866-6385-6189.1 / 026010-1059

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

LITTLER MENDELSON, P.C.
Attorneys at Law
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441